25-102-cv
*Veeraswamy v. Comm'r of Internal Revenue*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-six.

PRESENT:
>JOHN M. WALKER, JR.,
>BARRINGTON D. PARKER,
>JOSEPH F. BIANCO,
>> *Circuit Judges.*

———————————————————————

KAREN VEERASWAMY,

>*Petitioner-Appellant*,

>v.                                                                                            25-102-cv

COMMISSIONER OF INTERNAL REVENUE,

>*Respondent-Appellee*.

———————————————————————

FOR PETITIONER-APPELLANT:             NO APPEARANCE.

FOR RESPONDENT-APPELLEE:             ROBERT J. WILLE (Michael J. Haungs, *on the brief*), Tax Division, Department of Justice, Washington, D.C.

Appeal from an order of the United States Tax Court (Mark V. Holmes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the Tax Court, entered on January 10, 2025, is **AFFIRMED**.

Karen Veeraswamy, proceeding *pro se*, appeals from a decision of the United States Tax Court sustaining a deficiency in her individual income tax liability for 2014 and imposing tax penalties for failure to file, failure to pay, and underpayment of due tax. The Commissioner assessed a tax deficiency against Veeraswamy for the 2014 tax year, arguing that she was a part shareholder in the S corporation Ashand Enterprises ("Ashand"), which realized capital gains and rental income that year. Veeraswamy asserted that Ashand's 2013–15 bankruptcy proceedings established that her then-husband Velappan Veeraswamy was Ashand's sole owner, and that collateral and equitable estoppel precluded the assessment. After trial, the Tax Court found that Veeraswamy was a half-owner of Ashand in 2014 and that the Commissioner was neither precluded nor equitably estopped from arguing her ownership. The Tax Court also affirmed the penalties and declined to consider several deductions which Veeraswamy asserted should reduce her tax liability.

On appeal, Veeraswamy primarily argues that the Tax Court: (1) improperly found that she was a part owner of Ashand in 2014; (2) inaccurately calculated her income; (3) improperly failed to consider her computation of the amount she owed under Tax Court Rule 155; and (4) improperly imposed penalties pursuant to 26 U.S.C. § 6651(a). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* the Tax Court's legal conclusions and for clear error its factual

2

findings." *Chai v. Comm'r of Internal Revenue*, 851 F.3d 190, 204 (2d Cir. 2017); *see also* 26 U.S.C. § 7482(a)(1) (directing Courts of Appeals to "review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury"). Moreover, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis, internal quotation marks, and citation omitted).

## I. Veeraswamy's Part Ownership of Ashand Enterprises

Veeraswamy first argues that the Tax Court erred when it determined that she was a part owner in Ashand in 2014. We disagree. Evidence before the Tax Court established that Veeraswamy remained a part owner of Ashand in years prior to 2014. The minutes of Ashand's first board meeting demonstrated that Velappan and Veeraswamy each had 50 percent ownership of Ashand in 2000. Moreover, Veeraswamy testified at trial that she participated in management of the enterprise after the Veeraswamys began living separately in 2004. In addition, Ashand's Forms 1120S and Schedules K-1, which Veeraswamy submitted in Velappan's personal bankruptcy, showed that Veeraswamy remained a half-owner of Ashand as of 2010.

Veeraswamy did not demonstrate that she abandoned her interest prior to 2014, and she submitted no evidence of such abandonment in proceedings before the Tax Court. Indeed, Veeraswamy's own admissions supported the Tax Court's conclusion that she was part owner of Ashand through at least 2014. In particular, in 2019, responding to the trustee's attempt to obtain turnover of the escrow funds in Velappan's bankruptcy, Veeraswamy repeatedly asserted that she was "50 percent equity shareholder of Ashand Enterprises, Inc." and was thus entitled to some or

all of the escrow funds. Certified Administrative Record ("CAR") Vol. 2, Pt. I at 237. Her amended proof of claim in Velappan's bankruptcy stated the same thing under penalty of perjury. And in 2021, Veeraswamy claimed entitlement to an equity distribution in Ashand's bankruptcy because she was "fifty percent shareholder of Ashand Enterprises, Inc." CAR Vol. 1 at 117. Based on this record, we conclude that the Tax Court properly determined that Veeraswamy was a part owner of Ashand in 2014.

In reaching this conclusion, we have considered Veeraswamy's arguments to the contrary and find them unpersuasive. First, she contends that Velappan likely altered Ashand's ownership structure to make himself the sole shareholder of Ashand. However, she introduced no evidence before the Tax Court to suggest that this occurred, nor does she point to any such evidence on appeal. Next, she asserts (as she did before the Tax Court) that Ashand's bankruptcy confirmation plan precludes the Internal Revenue Service ("IRS") from arguing that she was a part owner of Ashand. We disagree. "We apply federal law in determining the preclusive effect of a federal judgment." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). Claim preclusion only applies if, among other things, the earlier decision was "a final judgment on the merits." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Moreover, issue preclusion applies only to issues "actually litigated and decided in the previous proceeding." *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, neither the order adopting the plan of confirmation nor the final decree in Ashand's bankruptcy was "a final judgment on the merits" as to Ashand's ownership, and neither "actually litigated and decided" that ownership. Although the proposed plan of confirmation indicated that Velappan was "the sole owner of Debtor," Proposed Plan and Disclosure Statement at 9, *In re*

4

*Ashand Enterprises, Inc.*, No. 1:13-bk-44999 (Bankr. E.D.N.Y. Mar. 12, 2014), the decree closing Ashand's bankruptcy proceedings expressly disclaimed that it "settle[d] any issues as to the propriety of payments by the Debtor [Ashand] as between [its] equity holders or parties in interest Karen . . . and Velappan Veeraswamy," Final Decree at 2, *In re Ashand Enterprises, Inc.*, No. 1:13-bk-44999 (Bankr. E.D.N.Y. Feb. 27, 2015). In addition, the bankruptcy court's order confirming Ashand's plan of reorganization made no findings as to Ashand's equity ownership. *See generally* Order Confirming Liquidating Plan of Reorganization, *In re Ashand Enterprises, Inc.*, No. 1:13-bk-44999 (Bankr. E.D.N.Y. May 6, 2014).[1] Accordingly, the Tax Court did not err when it concluded that the IRS was not precluded from arguing that Veeraswamy was a part owner of Ashand.[2]

## II.     Adjustments to Veeraswamy's Income

Next, Veeraswamy argues that the Tax Court inaccurately calculated her income. We are unpersuaded. Taxable income includes "[g]ains derived from dealings in property" and "[r]ents." 26 U.S.C. § 61(a)(3), (5). Moreover, where "it is necessary to determine the gross income of a shareholder" in an S corporation, "such gross income shall include the shareholder's pro rata share

---

[1]  Nor did Veeraswamy's settlement with the trustee in Velappan's bankruptcy decide the ownership issue. Settlements ordinarily lack issue preclusive effect "unless it is clear . . . that the parties intend their agreement to have such an effect." *Arizona v. California*, 530 U.S. 392, 414 (2000). Here, the settlement instead expressly stated that it did not intend the agreement to have this effect. The stipulation states that it "shall not constitute or be construed as an admission or adjudication, express or implied, of . . . any issue of fact, law, or liability of any type or nature with respect to any matter whether or not referred to herein." Stipulation of Settlement ¶ 7, *In re Velappan Veeraswamy*, No. 1:19-ap-01018 (Bankr. E.D.N.Y. Jan. 26, 2022). The bankruptcy court's order approving the settlement similarly made no findings of liability. *See generally* Order, *In re Velappan Veeraswamy*, No. 1:19-ap-01018 (Bankr. E.D.N.Y. Mar. 23, 2022).

[2]  To the extent Veeraswamy also argues that the IRS is equitably estopped from arguing that she is a part owner of Ashand because it withheld Ashand's tax documents for the years 2011, 2012, and 2013, because she did not make this argument before the Tax Court, she has forfeited it. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks and citation omitted)).

of the gross income of the corporation." *Id.* § 1366(c). "A notice of tax deficiency carries a presumption of correctness that requires the taxpayer to demonstrate that the deficiency is incorrect." *Schaffer v. Comm'r of Internal Revenue*, 779 F.2d 849, 857 (2d Cir. 1985); *see also* Tax Ct. R. 142(a). This "presumption is only as strong as its rational underpinnings," and does not apply "[w]here it lacks a rational basis." *Llorente v. Comm'r of Internal Revenue*, 649 F.2d 152, 156 (2d Cir. 1981).

Here, the Tax Court correctly concluded that the Commissioner provided a rational basis to connect Veeraswamy with Ashand's income. The Commissioner's contention that Veeraswamy was responsible for paying additional income tax was based on Veeraswamy's own statements in the two bankruptcy proceedings that she was a half-owner of Ashand. As the Commissioner explained in its answer, the IRS assessed a deficiency after "petitioner represented to the U.S. Bankruptcy Court [in Velappan's personal bankruptcy] that she was a 50% shareholder of Ashand Enterprises, Inc." and that "petitioner was paid $486,038.47 from the bankruptcy estate . . . based on her assertions." CAR Vol. 1 at 39. Because of this claim, the IRS could rationally assess tax on Veeraswamy's asserted pro rata share of Ashand's gross income.

Veeraswamy also failed to overcome the deficiency notice's resulting presumption of correctness at trial. As described above, the IRS introduced substantial evidence that Veeraswamy was a shareholder in Ashand in 2014 and Veeraswamy provided no basis to question the Commissioner's calculations of Ashand's income. The revenue agent testified that, before sending Veeraswamy the deficiency notice, he asked her for documents substantiating her contributions, if any, to Ashand, but received nothing back from her. Veeraswamy did not testify that she submitted any such documents, nor did she otherwise contest the agent's calculations at

6

trial.   Accordingly, the Tax Court properly accepted the Commissioner's original calculations of Veeraswamy's income.

To the extent Veeraswamy argues on appeal that the Tax Court erred in failing to deduct certain expenses outlined in a U.S. Trustee's assessment in Velappan's Chapter 7 bankruptcy proceeding from Ashand's gross income, Veeraswamy only presented this assessment to the Tax Court months after its decision on the appropriate deductions.   Furthermore, she did not refer to it in the motion for reconsideration that she filed after the Tax Court's decision (and the various amendments and supplements to that motion).   Thus, the Tax Court did not err in failing to consider that evidence.

## III.   Rule 155 Computation

Veeraswamy also argues that the Tax Court erred when it computed, pursuant to Tax Court Rule 155, that she owed $246,222 for the tax year 2014.   "[W]e will review the Tax Court's computations under Rule 155 for abuse of discretion."   *Chimblo v. Comm'r of Internal Revenue*, 177 F.3d 119, 127 (2d Cir. 1999).   Even assuming *arguendo* that Veeraswamy's Rule 155 calculations were timely submitted,[3] the Tax Court did not abuse its discretion in declining to consider Veeraswamy's computation of tax liability because she improperly sought to relitigate Ashand's deductible expenses.   Tax Court Rule 155(c) provides that "no argument will be heard

---

[3]   The Tax Court ordered that the parties submit Rule 155 computations "on or before November 6, 2024." CAR Vol. 2, Pt. III at 292.   Neither party disputes that Veeraswamy failed to submit computations by this deadline.   Veeraswamy instead argues on appeal that by granting her motion for an extension of time to move for reconsideration—which included a request for the Tax Court to "remove off the calendar the date to file Rule 155 computation," CAR Vol. 2, Pt. III at 302—the Tax Court rescinded its original deadline. Appellant's Br. at 13–14.   However, the Tax Court's order granting her extension motion nowhere addresses her embedded request to defer the Rule 155 computation.   In addition, no other communication from the Tax Court available in the record indicates that it agreed with Veeraswamy's embedded request.   However, given the ambiguity created by Veeraswamy's embedded requests (and given her *pro se* status), we assume *arguendo* that her Rule 155 submission was timely.

7

upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues." Here, Veeraswamy's Rule 155 computations requested that the Tax Court apply over one million dollars in deductions for, among other things, taxes, utilities, and other building-related expenses. However, the Tax Court had already determined in its post-trial Findings of Fact and Opinion that Veeraswamy was only entitled to expenses of $152,100, and that Veeraswamy made no presentation to the contrary at trial. App'x at 20–21. Moreover, apart from seeking these deductions, Veeraswamy's Rule 155 computation did not otherwise contest the calculations of the Commissioner as to basis, amount realized, or capital gain. Therefore, because her computation exclusively sought to relitigate the issue of appropriate deductions, the Tax Court acted within its discretion in declining to consider Veeraswamy's computation or the deductions contained therein.

## IV.    Penalties

Finally, Veeraswamy argues that the Tax Court improperly assessed penalties against her pursuant to 26 U.S.C. § 6651(a). Section 6651 provides for mandatory penalties for, *inter alia*, failing to file a tax return and failing to timely pay a tax "unless the taxpayer shows that the failure was due to reasonable cause and not willful neglect." *Marrin v. Comm'r of Internal Revenue*, 147 F.3d 147, 152 (2d Cir. 1998). "Generally, factors that constitute 'reasonable cause' include . . . reliance on the mistaken legal opinion of a competent tax adviser, lawyer, or accountant that it was not necessary to file a return." *Id.*

Here, Veeraswamy testified at trial that she spoke to an accountant about her tax obligations but clarified that the accountant did not advise her that she had no obligation to file. Because she did not rely on the accountant's advice in failing to file, the Tax Court did not err in concluding

8

this was not "reasonable cause." Nor did the Tax Court err in concluding that Veeraswamy did not qualify for an exception from penalties under 26 U.S.C. § 6654. Penalties for underpayment of tax are excused only in limited circumstances, where "casualty, disaster, or other unusual circumstances" make it so that "the imposition of such addition to tax would be against equity and good conscience." *Id.* § 6654(e)(3)(A). Veeraswamy made no argument before the Tax Court that her underpayment should be excused on these grounds, nor did she introduce evidence demonstrating that any such conditions prevented her from payment.

We are similarly unpersuaded by Veeraswamy's contentions on appeal that the unusual and complex factual situation itself warrants relief from the tax penalties or that she risked criminal prosecution by filing a 2014 return claiming that she owned half of Ashand. As an initial matter, as the Commissioner properly observes, those arguments were never presented to the Tax Court and need not be considered for the first time on appeal. *See Green*, 16 F.4th at 1078. In any event, Veeraswamy has made no showing that she "exercised ordinary business care and prudence" in determining whether it was necessary to file a return. *See* 26 C.F.R. § 301.6651-1(c)(1) (defining reasonable cause). Moreover, her claim of risking criminal prosecution is purely speculative.

In sum, the Tax Court properly concluded that Veeraswamy did not provide "reasonable cause" under Section 6651 to excuse her failure to file a return or pay taxes for 2014, App'x at 21, and, therefore, it did not err in imposing penalties.

9

\*　　\*　　\*

We have considered Veeraswamy's remaining arguments and conclude that they are without merit.[4]　Accordingly, we **AFFIRM** the order of the Tax Court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[4]　Veeraswamy has moved for leave to file a supplemental appendix with her reply brief.　However, none of the additional documents in the supplemental appendix impact the Court's resolution of this appeal. Therefore, the motion is denied as moot.